[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12853
Non-Argument Calendar
_____

D.C. Docket No. 2:12-cr-00210-WKW-TFM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALBERTO GARCIA-RAMIREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(February 7, 2014)

Before TJOFLAT, MARTIN, and JORDAN, Circuit Judges.

PER CURIAM:

Alberto Garcia-Ramirez appeals his 51-month sentence of imprisonment after pleading guilty to unlawful reentry of a deported alien, in violation of 8 U.S.C. § 1326(a) and (b)(2).  On appeal, Garcia-Ramirez raises a number of challenges related to the procedural and substantive reasonableness of his sentence. Because we agree with the district court that Garcia-Ramirez's sentence was reasonable, we affirm.

## I.

"We review the reasonableness of a sentence for abuse of discretion using a two-step process."  United States v. Turner, 626 F.3d 566, 573 (11th Cir. 2010). "We look first at whether the district court committed any significant procedural error and then at whether the sentence is substantively reasonable under the totality of the circumstances."  Id.  We first address Garcia-Ramirez's arguments regarding the procedural reasonableness of his sentence.

## A.

Garcia-Ramirez argues that the district court failed to adequately explain why it chose not to grant his request for a downward variance.  At the beginning of his sentence hearing, Garcia-Ramirez conceded that his offense level was 21, which included a 16-level increase based on a prior conviction for sexual abuse of a minor.  See United States Sentencing Guidelines (USSG) § 2L1.2(b)(1)(A)(ii). However, Garcia-Ramirez also moved for a downward variance, arguing that the

2

Sentencing Commission has generally provided no empirical evidence to support the enhancement.  Garcia-Ramirez now argues that the district court failed to address this argument and did not issue a ruling on his motion.  We cannot agree.

Sentencing courts "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." Gall v. United States, 552 U.S. 38, 50, 128 S. Ct. 586, 597 (2007); see also 18 U.S.C. § 3553(c) (providing that a district court "at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence"). Generally, when a sentencing court imposes a sentence within the advisory guideline range, the "district court is not required to give a lengthy explanation for its sentence if the case is typical of those contemplated by the Sentencing Commission." United States v. Livesay, 525 F.3d 1081, 1090 (11th Cir. 2008). However, if a party "presents nonfrivolous reasons for imposing a different sentence . . . the judge will normally go further and explain why he has rejected those arguments." Rita v. United States, 551 U.S. 338, 357, 127 S. Ct. 2456, 2468 (2007).

In this case, the district court addressed Garcia-Ramirez's argument that a 16-level increase was not justified.  The court acknowledged at sentencing that "in some cases, it may not be appropriate for there to be 16 levels after a felony crime of violence."  However, after considering Garcia-Ramirez's lengthy criminal

3

history, the "serious" nature of the felony crime of violence that triggered the enhancement, and his inability to control his alcohol abuse, the district court found that this was "one case where [the 16-level enhancement] is appropriate, in my view." As a result, Garcia-Ramirez is incorrect that the district court did not address his motion for a downward variance. To the contrary, the district court clearly addressed and adequately explained its reasoning for refusing to grant the motion. See United States v. Sarras, 575 F.3d 1191, 1219 (11th Cir. 2009) (noting that "an acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient" (quotation marks omitted)).

## B.

Second, Garcia-Ramirez argues that the district court procedurally erred by relying solely on his criminal history in selecting a sentence. This argument is also not supported by the record.

This Court has stated that "[t]he district court must evaluate all of the § 3553(a) factors when arriving at a sentence." United States v. Shaw, 560 F.3d 1230, 1237 (11th Cir. 2009). "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." United States v. Irey, 612

F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation marks omitted).  The district court, however, is also "permitted to attach 'great weight' to one factor over others."  United States v. Shaw, 560 F.3d 1230, 1237 (11th Cir. 2009) (quoting Gall, 552 U.S. at 57, 128 S. Ct. at 600) (internal citations omitted).  "[A] court's explicit acknowledgment that it has considered a defendant's arguments and the § 3553(a) factors is sufficient to demonstrate that it has adequately and properly considered those factors."  United States v. Ellisor, 522 F.3d 1255, 1278 (11th Cir. 2008).

Upon review of the record, we cannot say that the district court focused on Garcia-Ramirez's criminal history to the detriment of the other relevant sentencing factors under § 3553(a).  While the district court certainly emphasized Garcia-Ramirez's criminal history before imposing the sentence, it was within the court's discretion to attach "great weight" to that factor.  See Shaw, 560 F.3d at 1237 (quotation marks omitted).  We also know that the district court explicitly examined Garcia-Ramirez's personal history and characteristics, 18 U.S.C. § 3553(a)(2)(A), the nature and circumstances of the offense, § 3553(a)(1), and the need to adequately deter Garcia-Ramirez, § 3553(a)(2)(B).  Finally, the district court acknowledged that it found that the 51-month sentence of imprisonment was reasonable after considering the § 3553(a) factors.  See Ellisor, 522 F.3d at 1278.

As a result, we conclude that Garcia-Ramirez's sentence was procedurally reasonable.

## II.

We next consider Garcia-Ramirez's arguments regarding the substantive reasonableness of his sentence. We review the substantive reasonableness of a sentence imposed by the district court for abuse of discretion. United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008). "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors." United States v. Turner, 626 F.3d 566, 573 (11th Cir. 2010) (per curiam). We vacate the sentence if, but only if, we "are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Pugh, 515 F.3d at 1191 (quotation marks omitted). We may not set aside a sentence merely because we decide that another one would have been more appropriate. Irey, 612 F.3d at 1191.

## A.

First, Garcia-Ramirez argues that § 2L1.2's 16-level increase has a tendency to over-punish defendants by inflating their guideline ranges unnecessarily. He emphasizes that the Sentencing Commission has provided no empirical evidentiary support to justify a 16-level increase for defendants who were previously deported

after committing a crime of violence.  As a result, Garcia-Ramirez argues that the district court's decision to apply the guideline range here led to a substantively unreasonable sentence.

A sentencing court is free to depart from a guideline sentence on the basis of the § 3553(a) factors when the applicable guideline is not grounded in empirical data.  See Kimbrough v. United States, 552 U.S. 85, 108–10, 128 S.Ct. 558, 574–75 (2007) (approving of variances from the crack cocaine guidelines because the Sentencing Commission did not take account of empirical data).  The absence of empirical data alone, however, does not compel the invalidation of a guideline; rather, it is just one factor that may be considered in support of a variance.  United States v. Snipes, 611 F.3d 855, 870 (11th Cir. 2010).

Here, the district court did not abuse its discretion by applying a 16-level increase and imposing a sentence within the guideline range.  Even if Garcia-Ramirez is correct that § 2L1.2 lacks an empirical justification, the court was not compelled to vary from the guidelines range on that ground alone.  Id.  Instead, the court looked at a number of § 3553(a) factors—including Garcia-Ramirez's arguments against imposition of the 16-level increase—and in its discretion concluded that there should not be a downward variance.  See id.; see also Kimbrough, 552 U.S. at 109–10, 128 S. Ct. at 574–75.  The court noted that the increase was justified in this case because Garcia-Ramirez's felony conviction was

7

a "serious" crime of violence.  It also found that Garcia-Ramirez had a lengthy criminal history and general disrespect for the immigration laws.  As a result, the court did not abuse its discretion by refusing to grant a downward variance based on the lack of empirical justification alone.  See Irey, 612 F.3d at 1191 ("We may not—it bears repeating—set aside a sentence merely because we would have decided that another one is more appropriate.").

B.

Finally, Garcia-Ramirez argues that his 51-month sentence of imprisonment is substantively unreasonable in light of the § 3553(a) factors.  He contends that the district court overemphasized his criminal history.  He also argues that a lesser sentence would have been sufficient to achieve the purposes of sentencing, especially given his obligations to his family, the reasons for his re-entry, and the additional consequences he is subject to as a result of his illegal status.

Based on the record before us, we conclude that it was within the district court's discretion to impose a 51-month sentence of imprisonment.  After considering Garcia-Ramirez's criminal history, his patterns of unlawful reentry, and his alcohol abuse, the district court found that a sentence of imprisonment within the guideline range was necessary here to promote respect for the law, provide just punishment, and deter him from further criminal activity.  18 U.S.C. § 3553(a)(2); see also United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2008)

(per curiam) ("[W]e recognize that there is a range of reasonable sentences from which the district court may choose, and when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one.").

Also, even though it is true that the district court emphasized Garcia-Ramirez's criminal history, the record does not show that the court did so "single-mindedly" to the detriment of the other § 3553(a) factors. See United States v. Crisp, 454 F.3d 1285, 1292 (11th Cir. 2006) (concluding that sentence was unreasonable because the district court focused on restitution to the detriment of all other sentencing factors). The court stated that it understood that Garcia-Ramirez had made efforts to control his drinking, and acknowledged that it had considered the arguments presented in his Sentencing Memorandum. Even if the court did not weigh these circumstances and characteristics as heavily as Garcia-Ramirez's criminal history, the weight to be given a particular factor is within the court's discretion. See Shaw, 560 F.3d at 1237. Therefore, the court did not abuse its discretion in balancing the § 3553(a) factors.

III.

Because we conclude that Garcia-Ramirez's sentence was both procedurally and substantively reasonable, we affirm.

**AFFIRMED.**

9